# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
|  | ) **Misc. No. 08-0444 (TFH)** |
| **PETITIONERS SEEKING HABEAS** | ) |
| **CORPUS RELIEF IN RELATION TO** | ) **Civil Action No.  05-2369 (RWR)** |
| **PRIOR DETENTIONS AT** | ) |
| **GUANTANAMO BAY** | ) |
|  | ) |

## STATUS REPORT FOR *ALSAAEI V. BUSH*, CIVIL ACTION NO. 05-2369 (RWR)

Pursuant to this Court's July 3, 2008 Order, undersigned counsel hereby submit the following status report for the case captioned *Alsaaei, et al. v. Bush, et al.,* Civil Action No. 05-2369 (RWR):

1.      Petitioner Abdullah Ali Saleh Gerab Alsaaei, who is also known as Bassam Al Doubaykhi,[1] is a citizen of the Kingdom of Saudi Arabia.  Mr. Al Doubaykhi was detained at the United States Naval Base in Guantánamo Bay, Cuba ("Guantánamo") from in or around 2002 until December 2006.  During his detention, Mr. Al Doubaykhi's Internment Serial Number (ISN) was 340.

2.      Undersigned counsel filed a petition for a writ of *habeas corpus* on behalf of Mr. Al Doubaykhi on December 12, 2005.  *See Alsaaei*, dkt. no. 1.

3.      On April 12, 2006, Judge Roberts entered a Protective Order and Procedures for Counsel Access to Petitioners at the United States Naval Base in Guantánamo Bay, Cuba (the "Protective Order").  *See id.,* dkt. no. 14.  Following Judge Roberts' entry of the Protective

---

[1]      *See, e.g.,* Respondents' Factual Return to Petition for Writ of Habeas Corpus by Abdullah Ali Saleh Gerab Alsaaei and Notice of Submission of Factual Return Under Seal, *Alsaaei et al., v. Bush*, No. 05-2369 (RWR), dkt. no. 26 (identifying Petitioner as Bassam Al Doubaykhi).

Order, undersigned counsel communicated with Mr. Al Doubaykhi by mail and met with him three times at Guantánamo.

4.    On August 14, 2006, Judge Roberts ordered Respondents: (1) to submit a factual return relating to Mr. Al Doubaykhi; (2) to provide thirty days' advance written notice of any transfer or removal of Mr. Al Doubaykhi from Guantánamo; and (3) to preserve and maintain all evidence, documents and information, without limitation, now or ever in Respondents' possession, custody or control, regarding Mr. Al Doubaykhi.  Judge Roberts also entered a stay of the proceedings pending resolution of related appeals pending before the United States Court of Appeals for the District of Columbia Circuit.  *See id.*, dkt. no. 22.

5.    On September 8, 2006, Respondents submitted unclassified and classified versions of a factual return relating to Mr. Al Doubaykhi.  *See id.*, dkt. no. 26.

6.    On November 27, 2006, undersigned counsel received via email a copy of Respondents' Notice Pursuant to the Court's Order, which disclosed Respondents' intention to release Mr. Al Doubaykhi from the custody of the United States and repatriate him to the custody of the Kingdom of Saudi Arabia.  *See id.*, dkt. no. 30 (originally filed under seal).

7.     On December 1, 2006, Respondents' counsel filed with the Court a Stipulation and Order which set forth the parties' agreement that the requirement of thirty-days' notice prior to transfer, set forth in the Court's August 14, 2006 Order, "is conditionally waived to allow respondents to carry out the transfer of petitioner to the control of the Kingdom of Saudi Arabia."  The Stipulation and Order did not, however, assert that Mr. Al Doubaykhi was not an "enemy combatant," nor did it purport to moot Mr. Al Doubaykhi's *habeas* petition.  *See id.*, dkt. no. 31 (originally filed under seal).

8.      On December 20, 2006, Respondents notified undersigned counsel and the Court that Mr. Al Doubaykhi had been "transferred to the Kingdom of Saudi Arabia and released from United States custody." This notice, however, did not assert that Respondents had withdrawn their designation of Mr. Al Doubaykhi as an "enemy combatant." *See id.*, dkt. no. 32.

9.      Undersigned counsel made several attempts to communicate directly with Mr. Al Doubaykhi following his transfer to Saudi Arabia, but none of these attempts proved successful. Accordingly, undersigned counsel were not able to ascertain Mr. Al Doubaykhi's wishes with respect to his *habeas* petition.

10.     On April 19, 2007, Respondents moved to dismiss Mr. Al Doubaykhi's *habeas* petition on the grounds, *inter alia*, that the petition was moot because Mr. Al Doubaykhi is no longer detained at Guantánamo. *See id.*, dkt. no. 35. On May 3, 2007, undersigned counsel filed an opposition to Respondents' motion on Mr. Al Doubaykhi's behalf, arguing among other things that the petition is not moot because Mr. Al Doubaykhi remains subject to collateral consequences as a result of his designation as an "enemy combatant." *See id.*, dkt. no. 39. As of this writing, Respondents' motion to dismiss remains pending.

11.     On July 2, 2007, Judge Roberts issued an order which continued the stay of the proceedings pending the disposition of *Boumediene v. Bush*, 06-1195, and *Al Odah v. United States*, 06-1196, following the Supreme Court's June 29, 2007 grant of *certiorari* in these cases. The Court also ordered that the case be administratively closed.

12.     In light of this Court's July 3, 2008 Order, undersigned counsel have renewed their attempts to contact Mr. Al Doubaykhi. As of this writing, however, undersigned counsel have not spoken directly with Mr. Al Doubaykhi. Accordingly, undersigned counsel propose to file a supplemental status report with this Court by August 13, 2008, stating: (1) whether they

have spoken with Mr. Al Doubaykhi; and (2) if so, whether Mr. Al Doubaykhi intends to pursue his *habeas* petition.  In the interim, Mr. Al Doubaykhi reserves all rights to pursue his *habeas* petition under the doctrine of collateral consequences.

Dated:  July 14, 2008

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Paul C. Curnin
Paul C. Curnin
Karen E. Abravanel
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Petitioners,*
*Civil Action No. 05-2369 (RWR)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I today caused a true and accurate copy of the foregoing to be served electronically via the Court's Electronic Case Filing system.

Dated:  July 14, 2008

<u>/s/ Paul C. Curnin</u>
Paul C. Curnin