IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: § | |
| § | |
| PETITIONERS SEEKING HABEAS § | Misc. No. 08-0444 (TFH) |
| CORPUS RELIEF IN RELATION TO § | |
| PRIOR DETENTIONS AT § | |
| GUANTANAMO BAY § | Civil Action No. 08-CV-1173 (RJL) |
| § | |
| § | |

## PETITIONER'S STATUS REPORT

Petitioner Obaydullah ("Petitioner"), by and through his undersigned counsel, files this Status Report and would respectfully show the Court as follows:

### BACKGROUND

This report is prepared on unclassified information obtained by counsel from Wikipedia and other internet sites. The Government has yet to disclose any information, classified or non-classified, to counsel concerning Petitioner. Counsel has not yet interviewed the Petitioner. Therefore, counsel cannot vouch for the accuracy of the factual summary below.

1.  Petitioner Obaydullah (ISN# 762) is a citizen of Afghanistan who has been imprisoned by the United States government for six years (since July of 2002). He was seized in his home, not captured on the battlefield.

2.  Petitioner was first imprisoned at Bagram Air Base in Afghanistan and, at some point in time, transferred to Guantánamo where he remains imprisoned.

3.  According to the information available to counsel, a Combatant Status Review Tribunal (CSRT) was held to review Obaydullah's status as an "enemy combatant" in September, 2004.

4. Petitioner did not have benefit of counsel. No witnesses, no documents, no proof, and no evidence were offered at his CSRT - only accusations. Petitioner was not allowed to see the evidence the Tribunal was relying on to reach its decision.

5. Based on the internet records, Petitioner assumes the Government will allege the following:

    a. Obaydullah was a member of al-Qaeda, associated with the Taliban, and received training from the Taliban in the use of explosives.

    b. Petitioner had anti-tank mines in his home and was carrying a notebook containing electronic and explosive schematics.

    c. Petitioner participated in emplacing anti-tank mines to attack US troops.

6. According to records available to counsel, Obaydullah denied all accusations giving the following explanations:

    a. He has never been a member of al-Qaeda or the Taliban. He has never been a soldier and has never fought United States forces.

    b. The land mines were left on his property by a Russian general who confiscated his family home during the Soviet occupation of Afghanistan. After the Soviets left, his family discovered the mines. Petitioner and his mother buried the mines on their property because they feared the Taliban would arrest them if the explosives were found. He was nine years old at the time.

    c. As to the notebook with information on explosives, Obaydullah explained that the Taliban had forced him to attend explosives training when he was 18 years old. He was told that he was being trained to fight Masood, an Afghan warlord. After

attending class for a few days, he fled and hid from the Taliban. The notebook contained the notes he took during those classes.

7. Petitioner informed the CSRT that he was subjected to harsh and illegal interrogation by Americans while in Afghanistan. Obaydullah stated that he was forced to confess to many untruths because of the torture he was subjected to while imprisoned in Afghanistan.

8. Based on the information available to counsel, Petitioner was brought before an Annual Review Board (ARB) in August 2005. As in the CSRT, Petitioner did not have benefit of counsel. No witnesses, no documents, no proof, and no evidence were offered at his ARB - only accusations. Petitioner was not allowed to see the evidence the Tribunal was relying on to reach its decision.

9. In addition to the accusations raised in the CSRT, several additional accusations were apparently raised in the 2005 ARB.

    a. Petitioner was accused of helping al-Qaeda by coordinating movements, delivering messages, hiding members in his home, and scouting positions. Obaydullah denied these allegations.

    b. Petitioner was accused of being a member of a group called Jama'at al-Tabligh. The Tribunal stated this organization was a charity that was used as a front by Islamic extremists. From reading the available material counsel cannot determine whether or not Petitioner denies being a member; however, he talks at length about this being an organization approved by the United States and the Afghan government.

10. Apparently, Obaydullah was brought before a second ARB in August 2006. The available records are too incomplete for counsel to offer the Court any insight into what

occurred.

## ADMINISTRATIVE MATTERS

11.  Counsel does not know if Petitioner is on any list to be transferred or released. To counsel's knowledge Obaydullah is not considered a "high value detainee," nor is he being charged before a Military Commission.

12.  On January 29, 2008, Petitioner filed a Petition for Relief Under the Detainee Treatment Act of 2005 in the United States Court of Appeals for the District of Columbia ("DTA case"), an action that remains pending as No. 08-1043. The Government has filed a Motion to Hold in Abeyance or in the Alternative to Dismiss Without Prejudice, which Petitioner has opposed. The Court of Appeals has not ruled on the Government's motion and the case is still pending.

13.  An agreed protective order has been entered in the DTA case and remains in force. Petitioner would request that this order remain in force.

14.  Counsel for Petitioner has a client visit approved for August 6, 2008. Since this will be the initial client interview, it is critical that counsel be allowed to meet with the Petitioner.

15.  Counsel for Petitioner has security clearance.

## CASE SPECIFIC MATTERS FOR THE COURT

16.  In order to properly represent his client, counsel for Petitioner needs the Government to promptly provide a factual return, setting forth in detail all reasons why Petitioner was and continues to be detained. At a minimum, the Government should be required to produce the following:

   a.   The non-classified information from his CSRT and all ARBs;

    b.    Afford counsel the opportunity to review the classified information from the CSRT and all ARBs. (As pointed out above, counsel has obtained a security clearance and has been allowed in the past to review classified information on other detainee clients.);

    c.    Any exculpatory evidence related to the Petitioner in the possession of any government agency; and

    d.    The Government should be required to have appropriate government agencies and departments certify the accuracy of any factual statements in the Government's filings.

(The Government was ordered to file a factual return in the pending DTA case. Petitioner would assume that a factual return was prepared or is at least being prepared. Therefore, it should not take much time or effort for the Government to promptly submit the requested information on Petitioner.)

    17.    Counsel for Petitioner has a client visit approved for August 6, 2008. It is critical that Plaintiff be allowed to interview the Petitioner and would request the Government to timely furnish the appropriate travel documents and permit counsel to meet with his client.

    18.    Since counsel has not received any information from the Government related to the Petitioner, counsel does not know at this time what discovery will be necessary. However, at a minimum, counsel would request an opportunity to:

    a.    Review all documents the Government is relying on to imprison Petitioner;

    b.    Review all potentially exculpatory evidence; and

    c.    Interview or depose any witnesses the Government intends to call at Petitioner's hearing.

19. At this time, counsel does not know what, if any, discovery issues will need to be resolved by the Court.

20. Based on available information, counsel can foresee the following "case specific" legal issues arising in this case;

    a. Whether or not any prior statements made by the Petitioner are admissible; and

    b. If the Government's allegations are accurate, whether or not there are sufficient grounds to continue to detain the Petitioner.

20. At this time, and based on the information available, counsel is not aware of any other "uncommon" issues specific to this case.

## GENERAL MATTERS FOR THE COURT

21. This case will have issues common to the other detainee cases before this court, including: procedures to be followed at the hearings, logistics related to having the petitioners present at the hearing, the law that will govern the petitioners' detention, as well as potential issues effecting national security.

Dated:     July 17, 2008
              Austin, Texas

                                          Respectfully submitted,

                                          _/s/ Richard A. Grigg_
                                          **Richard A. Grigg**
                                          *Appearing Pursuant to L. Cv. R. 83.2(g).*

                                          SPIVEY & GRIGG, L.L.P.
                                          48 East Avenue
                                          Austin, Texas 78701
                                          Tel: (512) 474-6061
                                          Fax: (512) 474-1605

                                          Shayana D. Kadidal
                                          D.C. Bar No. 454248
                                          Gitanjali S. Gutierrez
                                          *Appearing Pursuant to L. Cv. R. 83.2(g).*
                                          J. Wells Dixon
                                          *Appearing Pursuant to L. Cv. R. 83.2(g).*
                                          Pardiss Kebriaei
                                          *Appearing Pursuant to L. Cv. R. 83.2(g).*

                                          CENTER FOR CONSTITUTIONAL RIGHTS
                                          666 Broadway, 7th Floor
                                          New York, New York  10012
                                          Tel: (212) 614-6485
                                          Fax: (212) 614-6499

                                          Attorneys for Petitioners

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Petitioner's Status Report was served upon the following on July 17, 2008, as follows:

Judry L. Subar (D.C. Bar No. 347518)
Joseph H. Hunt (D.C. Bar No. 431134)
Vincent M. Garvey (D.C. Bar No. 127191)
Terry M. Henry
Andrew I. Warden
Gregory Katsas (Assistant Attorney General)
Douglas N. Letter (Terrorism Litigation counsel)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Room 7342
20 Massachusetts Ave., N.W.
Washington, DC  20530
O:  202-514-3969

*Attorneys for Respondents*

_____
**Richard A. Grigg**