IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAJI ROHULLAH WAKIL, | : |
| *Petitioner/Plaintiff*, | : |
| v. | : Case No. _____ (RMC) |
| GEORGE W. BUSH, *et al.*, | : (formerly No. 05-1124) |
| *Respondents/Defendants*. | : |
| IN RE : <br> PETITIONERS SEEKING HABEAS <br> CORPUS RELIEF IN RELATION TO <br> PRIOR DETENTIONS AT <br> GUANTANAMO BAY | : Misc. No. 08-444 (TFH) |

**MOTION TO FILE STATUS REPORT
REGARDING HAJI ROHULLAH WAKIL**

Petitioner Haji Rohullah Wakil (ISN 798) has moved to have his habeas petition assigned to Misc. No. 08-444 for purposes of coordination and management, because, like the other petitioners in that action, he is currently imprisoned abroad. He is being in held in the U.S.-sponsored Block D of Policharkei Prison in Afghanistan as a collateral consequence of his imprisonment at Guantanamo, and he remains in the constructive custody of the United States. His petition therefore raises many legal and factual issues in common with other petitioners in Misc. No. 08-444 who are also being held in Block D.

Petitioners in Misc. No. 08-444 have been ordered to file a status report on July 14, 2008. Anticipating that his motion to transfer his petition to No. 08-444 will be granted, Petitioner

Rohullah moves to comply with that order and for leave to file such a status report this day. The status report is attached to this motion.

Pursuant to LCvR 7(m), counsel have conferred with Respondents. Respondents state that they "reserve" their position on this motion.

Petitioner Haji Rohullah hereby respectfully requests that this Court accept for filing the attached status report.

                                                           Respectfully submitted,

Dated: July 14, 2008

                                        /s/ Peter M. Ryan /rpd
Peter M. Ryan
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

George G. Gordon
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

Daniel C. Malone
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500 (Tel.)

Rebecca P. Dick
D.C. Bar No. 463197
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300 (Tel.)
(202) 261-3333 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAJI ROHULLAH WAKIL,<br><br>*Petitioner/Plaintiff*,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>*Respondents/Defendants*. | No. _____ (RMC)<br>(formerly No. 05-1124) |
| IN RE :<br>PETITIONERS SEEKING HABEAS<br>CORPUS RELIEF IN RELATION TO<br>PRIOR DETENTIONS AT<br>GUANTANAMO BAY | Misc. No. 08-444 (TFH) |

### (PROPOSED) ORDER

Upon consideration of the Motion of Petitioner Haji Rohullah Wakil to file his status report in Misc. No. 08-444, and any response thereto, and it appearing that there is good cause for granting the Motion, it is hereby

**ORDERED** that the Motion be, and hereby is, granted in full. The Status Report of Haji Rohullah Wakil shall be filed in Misc. No. 08-444.

**SO ORDERED.**

Date: _____, 2008

_____
THOMAS F. HOGAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAJI ROHULLAH WAKIL, *et al.*, | : |
| *Petitioner/Plaintiff,* | : |
| v. | : Case No. _____ (RMC) |
| | : (formerly No. 05-1124 (RMC)) |
| GEORGE W. BUSH, *et al.*, | : |
| *Respondents/Defendants.* | : |
| | : |
| IN RE : | : |
| GUANTANAMO BAY | : Misc. No. 08-444 (TFH) |
| DETAINEE LITIGATION | : |

### STATUS REPORT OF HAJI ROHULLAH WAKIL

Haji Rohullah Wakil (ISN 798), a petitioner in *Mousovi v. Bush*, No. 05-CV-1124 (RMC), was detained in August 2002 and imprisoned, first at the U.S. Air Base in Bagram, Afghanistan, and then at the U.S. Naval Base at Guantanamo Bay, Cuba. Transferred to Afghanistan in April 2008, he has since been imprisoned in the U.S.-sponsored Block D of Policharkei Prison in Afghanistan.

*Haji Rohullah Wakil*

Prior to his arrest, Rohullah was a tribal and political leader in Konar Province who had opposed the Taliban and al Qaida, and supported the Karzai government and U.S. and allied forces. In 1990, his cousin, who was then governor of Konar, was assassinated by an

organization under the leadership of Osama bin Laden that was a predecessor to al Qaida; Rohullah has opposed bin Laden and al Qaida since that time.

As a leader of "Unity of Afghanistan" ("UoA") and other organizations, Rohullah contributed to the reconstruction of Afghanistan after the Soviet invasion and years of civil war, through the provision of water and the building of clinics, mosques, and schools, including opening the Afghan University as a coeducational institution.

Rohullah opposed the Taliban as brutal and corrupt. In 1998, the Taliban fired a rocket at Rohullah's house. During the Taliban rule, he lived in Pakistan. He participated in a conference in Cyprus in opposition to the Taliban and in support of a peaceful, good government in Afghanistan. UoA condemned the September 11th attacks and called for the arrest and trial of Osama bin Laden.

During the 2001 American invasion, Rohullah assisted British and American forces in planning and managing battles against the Taliban in Jalalabad and Tora Bora. He was a member of the Grand Assembly, or Loya Jirga, where he spoke against al Qaida and the Taliban, and against narcotics trade and trafficking. He nominated Hamid Karzai for president. He was a member of the Eastern Assembly and the Northern Alliance. When President Karzai established a new government, Rohullah returned to Afghanistan and represented his province in a pro-government, regional parliamentary proceeding. He worked with British representatives in eradicating the poppy crop in 2002. He was arrested in August 2002 by U.S. forces after meeting with several American representatives and inviting them to dinner at his home.

Rohullah has never fought, fired or carried a weapon, or acted as a combatant in any sense. He is a political and tribal leader who opposes al Qaida and the Taliban, supports the

American coalition and the current government in Afghanistan, and nominated and supports President Karzai. If released, he will serve as a representative of his people in the Karzai government he helped build.

*Pending Motions and Issues Relating to Petitioner Rohullah*

1. Petitioner Rohullah was dismissed from his original habeas case, *Mousovi v. Bush*, No. 05-1124 (RMC), pursuant to a notice from Respondents that he had been transferred to Afghanistan. Rohullah has moved to alter or amend that judgment pursuant to Rule 59(e), based on his Guantanamo-related continuing confinement, about which the Court had not been advised. Respondents moved, with consent, for time to respond to the Rule 59(e) motion, pending issuance of the Supreme Court's decision in *Boumediene*. On June 9, 2008, Judge Collyer directed the parties to submit, within 30 days of the issuance of the *Boumediene* decision, a status report with proposals for further proceedings. Petitioner Rohullah submits this status report in response to Judge Collyer's order and this Court's July 3, 2008 order in Misc. No. 08-444 (TFH). The motion to alter or amend remains pending.

2. Apparently because some other petitioners in his original habeas case, No. 05-CV-1124, remain at Guantanamo, Rohullah's petition was not designated for coordination in Miscellaneous No. 08-444, which includes most Guantanamo habeas petitioners who are now incarcerated abroad.[1] To facilitate such coordination, Petitioner Rohullah is this day moving in Misc. No. 08-442 and No. 05-CV-1124 to have his petition severed from the remainder of those matters. Pursuant to LCvR 7(m), Petitioner Rohullah conferred with Respondents prior to filing the motion. Respondents have "reserved" their position on the motion.

3. Petitioner Rohullah is moving jointly in Misc. No. 08-444 and his severed case before Judge Collyer to have his case transferred to No. 08-444 for purposes of coordination and management only. Pursuant to LCvR 7(m), Petitioner Rohullah conferred with Respondents prior to filing the motion. Respondents have reserved their position on this motion as well.

4. Petitioner Rohullah has also moved jointly in Misc. No. 08-444 and his severed case before Judge Collyer to file this status report, due today in No. 08-444 for those petitioners whose petitions have already been designated for coordination. Pursuant to LCvR 7(m), Petitioner Rohullah conferred with Respondents prior to filing the motion. Respondents have also reserved their position on this motion.

5. Petitioner Rohullah will shortly file limited initial discovery requests regarding the Court's jurisdiction and the merits of his habeas claim in Misc. No. 08-444 and his severed case before Judge Collyer.

---

[1] No. 05-CV-1124 was coordinated with Misc. No. 08-442.

6. Respondents have not produced a factual return for Petitioner Rohullah. Petitioner will seek full production as soon as possible of both the unclassified and classified return.

*Initial Legal Issues Relating to Block D*

In other cases, Respondents have contended that U.S. courts lack jurisdiction over a habeas case on behalf of a former Guantanamo prisoner who is now imprisoned at Block D in Policharkei Prison. Counsel is unaware of any judicial ruling on this issue. Petitioner Rohullah anticipates that Respondents will raise the same argument with respect to his habeas petition. Petitioner Rohullah rejects Respondents' potential contention on at least two grounds.

1. <u>Constructive custody</u>. Although Afghan personnel are the public face of Block D, the U.S. plays a critical role in its ongoing operations. Block D, part of a Soviet-built prison near Kabul, was rebuilt at a cost of tens of millions of dollars in U.S. funds as a U.S.-style prison to house prisoners transferred from U.S. facilities at Guantanamo and Bagram. The facility houses exclusively prisoners formerly held in U.S. facilities elsewhere, and, since mid-2007, *all* Guantanamo prisoners returning to Afghanistan have been sent there. U.S. advisors are present in Block D twenty-four hours a day. Further, prisoner transfers from Guantanamo to Block D are made pursuant to a written agreement between the U.S. and Afghanistan that, on information and belief, ensures continuing U.S. authority with respect to the release of any prisoners to freedom. These facts alone establish the continuing jurisdiction of this Court over Rohullah's habeas petition.

2. <u>Collateral consequences</u>. Petitioner Rohullah is being held in Block D as a direct consequence of his illegal detention by the U.S. at Guantanamo. Block D review procedures rely on prisoner files prepared by U.S. personnel from U.S. files at Guantanamo. These newly

prepared files are transferred by the U.S. along with the prisoners to Afghanistan. Subsequent prisoner reviews at Policharkei rely on information developed in connection with the Guantanamo CSRTs that were found unreliable by the United States Supreme Court in *Boumediene* and *Parhat v. Gates*, No. 06-1397 (D.C. Cir. June 20, 2008). This is a separate and independent basis for the continuing jurisdiction of this Court over Rohullah's habeas petition.

*Proposed Coordination*

Petitioner Rohullah proposes coordinated litigation within Misc. No. 08-444 of all discovery relating to this Court's jurisdiction to decide the merits of habeas cases pending on behalf of former Guantanamo prisoners now held at Block D in Policharkei Prison ("Policharkei cases"). Should Respondents, as anticipated, challenge the Court's jurisdiction with respect to all Policharkei cases, there are likely to be many common issues regarding discovery relating to collateral consequences and constructive custody, as well as any other issues that may touch upon jurisdiction.

The benefits of coordinating subsequent litigation of the Policharkei cases can be better assessed once jurisdictional discovery is complete.

*Proposed Schedule for Discovery Regarding Jurisdiction*

Petitioner Rohullah's proposed schedule for jurisdictional discovery is attached. Given the extraordinary delays to date in judicial review of the merits of his petition, Rohullah plans to proceed with discovery regarding those merits concurrently with discovery regarding jurisdiction. Petitioner Rohullah respectfully urges the Court to adopt the attached schedule for discovery relating to the Court's jurisdiction to hear the Policharkei cases.

Respectfully submitted,

Dated: July 14, 2008

*[signature]*

Peter M. Ryan
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

George G. Gordon
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

Daniel C. Malone
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500 (Tel.)

Rebecca P. Dick
D.C. Bar No. 463197
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300 (Tel.)
(202) 261-3333 (Fax)

PROPOSED SCHEDULE FOR DISCOVERY REGARDING JURISDICTION
OVER HABEAS PETITIONS OF FORMER GUANTANAMO PRISONERS
IN BLOCK D, POLICHARKEI PRISON

| | |
|---|---|
| August 1, 2008 | Respondents file any challenge to this Court's jurisdiction over Policharkei cases |
| August 1, 2008 | Any Policharkei case in which jurisdiction has not been challenged is severed from Misc. No. 08-444 and henceforth proceeds solely within the original habeas case (for Rohullah, No. 05-1124) and Misc. No. 08-442 |
| Sept. 1, 2008 | Petitioners in Policharkei cases ("Policharkei petitioners") file all discovery requests relating to jurisdiction |
| Sept. 15, 2008 | Respondents file all challenges to Policharkei petitioners' discovery requests |
| Oct. 1, 2008 | Respondents comply with Policharkei petitioners' unchallenged discovery requests |
| 30 days following Court decision | Respondents comply with upheld discovery requests |
| 30 days after full compliance | The parties propose schedules for the Court's determination of jurisdiction |
| Concurrently jurisdictional with jurisdictional discovery | Discovery relating to the merits of Petitioner Rohullah's and other Policharkei prisoners' habeas petitions proceeds within the original habeas cases and Misc. No. 08-442 |

# CERTIFICATE OF SERVICE

I, Rebecca P. Dick, hereby certify that on July 14, 2008, I caused to be submitted via hand delivery to the Court Security Officer, for review and filing under seal, an original and two true and correct copies of the foregoing (1) Motion to File Status Report, (2) Status Report of Haji Rohullah Wakil, and (3) Proposed form of order. I requested that the Court Security Officer serve copies of these documents on the following counsel of record for Respondents:

Judry Laeb Subar
Judry.Sabar@usdoj.gov
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 7342
Washington, D.C. 20530
(202) 514-3969

Terry M. Henry
Terry.Henry@usdoj.gov
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 7144
Washington, D.C. 20530

Andrew I. Warden
Andrew.Warden@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 6120
Washington, D.C. 20530

_____
Rebecca P. Dick