IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GHULAM ROHANI, | : | |
| *Petitioner/Plaintiff*, | : | |
| v. | : | Case No. _____ (RWR) |
| GEORGE W. BUSH, *et al.*, | : | (formerly No. 05-2367) |
| *Respondents/Defendants*. | : | |
| | : | |
| IN RE : | : | |
| PETITIONERS SEEKING HABEAS CORPUS RELIEF IN RELATION TO PRIOR DETENTIONS AT GUANTANAMO BAY | : | Misc. No. 08-444 (TFH) |

## MOTION TO FILE STATUS REPORT
## REGARDING GHULAM ROHANI

Petitioner Ghulam Rohani (ISN 003) has moved to have his habeas petition assigned to Misc. No. 08-444 for purposes of coordination and management, because, like the other petitioners in that action, he is currently imprisoned abroad. He is being in held in the U.S.-sponsored Block D of Policharkei Prison in Afghanistan as a collateral consequence of his imprisonment at Guantanamo, and he remains in the constructive custody of the United States. His petition therefore raises many legal and factual issues in common with other petitioners in Misc. No. 08-444 who are also being held in Block D.

Petitioners in Misc. No. 08-444 have been ordered to file a status report on July 14, 2008. Anticipating that his motion to transfer his petition to No. 08-444 will be granted, Petitioner

Rohani moves to comply with that order and file such a status report this day. The status report is attached to this motion.

Pursuant to LCvR 7(m), counsel have conferred with Respondents. They stated that they "reserve" their position on this motion.

Petitioner Rohani hereby respectfully requests that this Court accept for filing the attached status report.

Respectfully submitted,

Dated: July 14, 2008

/s/ Rebecca P. Dick

Rebecca P. Dick
D.C. Bar No. 463197
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300 (Tel.)
(202) 261-3333 (Fax)

George G. Gordon
Peter M. Ryan
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

Daniel C. Malone
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500 (Tel.)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHULAM ROHANI,<br><br>*Petitioner/Plaintiff,*<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>*Respondents/Defendants.* | No. _____ (RWR)<br>(formerly No. 05-2367) |
| IN RE:<br>PETITIONERS SEEKING HABEAS<br>CORPUS RELIEF IN RELATION TO<br>PRIOR DETENTIONS AT<br>GUANTANAMO BAY | Misc. No. 08-444 (TFH) |

## (PROPOSED) ORDER

Upon consideration of the Motion of Petitioner Ghulam Rohani to file his status report in Misc. No. 08-444, and any response thereto, and it appearing that there is good cause for granting the Motion, it is hereby

**ORDERED** that the Motion be, and hereby is, granted in full. The Status Report of Ghulam Rohani shall be filed in Misc. No. 08-444.

**SO ORDERED.**

Date: _____, 2008

_____
THOMAS F. HOGAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHULAM ROHANI, *Petitioner/Plaintiff*, v. GEORGE W. BUSH, *et al.*, *Respondents/Defendants.* | Case No. _____ (RWR) (formerly No. 05-2367 (RWR)) |
| IN RE : PETITIONERS SEEKING HABEAS CORPUS RELIEF IN RELATION TO PRIOR DETENTIONS AT GUANTANAMO BAY | Misc. No. 08-444 (TFH) |

## STATUS REPORT OF GHULAM ROHANI

Ghulam Rohani, a petitioner in *Zadran v. Bush*, No. 05-2367 (RWR), was on the first planeload of prisoners taken to Guantanamo in January 2002. Transferred back to Afghanistan almost six years later, in December 2007, he has since been imprisoned in the U.S.-sponsored Block D of Policharkei Prison.

*Ghulam Rohani*

For many decades, Ghulam Rohani's family has owned a shop in the bazaar in the ancient city of Ghazni, Afghanistan. For a time prior to the U.S. entry into his country, Petitioner Rohani, then in his late twenties, held a low-level civilian position with the Ministry of Intelligence in the Taliban government in Kabul, performing tasks such as chauffeuring officials. He also returned whenever possible to work side by side with his father in the family's shop in

Ghazni. He left Kabul for good shortly before the Taliban government fell. Then, in early December, he was arrested by U.S. troops. He was far from any battlefield, and the reasons for his arrest remain unclear. He was held on a U.S. military ship with David Hicks and John Walker Lindh for some weeks before being sent to Guantanamo on January 11, 2002, with the Internment Serial Number 003.

On information and belief, there are persistent reports in Afghanistan that Petitioner Rohani and another Guantanamo prisoner arrested with him were falsely accused of anti-U.S. and pro-terrorist activities by persons hoping to receive, and who did in fact receive, generous financial rewards from the U.S. for their "evidence." Most of the unclassified claims raised against Petitioner Rohani in his 2004 CSRT and his subsequent ARBs relate to his civilian work for the Taliban government prior to the U.S. entry into Afghanistan, and have nothing to do with harboring terrorists, or supporting anti-U.S. or anti-coalition efforts.

Petitioner Rohani has consistently denied assisting terrorists or taking any action against the U.S. or its allies at any time. He says that he hoped the arrival of the Americans would benefit his fractured and poverty-stricken country, and that he had expressed a willingness to work with Americans towards that end. He also repeatedly expressed the wish to return home to work with his family in their shop.

*Pending Motions Relating to Petitioner Rohani*

1. Respondents have not moved for the dismissal of Ghulam Rohani from his original habeas case, *Zadran v. Bush*, No. 05-2367 (RWR).

2. Apparently because some other petitioners in his original habeas case, No. 05-2367, remain at Guantanamo, Rohani's petition was not designated for coordination in Miscellaneous No. 08-444, which includes most Guantanamo habeas petitioners who are now incarcerated

abroad.[1] To facilitate such coordination, Petitioner Rohani is this day moving in Misc. No. 08-442 and No. 05-2367 to have his petition severed from the remainder of those matters. Pursuant to LCvR 7(m), Petitioner Rohani conferred with Respondents prior to filing the motion. Respondents "reserved" their position on the motion. It is pending.

3. Petitioner Rohani is moving jointly in Misc. No. 08-444 and the portion of his severed case before Judge Roberts to have his petition transferred to Misc. No. 08-444 for purposes of coordination only. Pursuant to LCvR 7(m), Petitioner Rohani conferred with Respondents prior to filing the motion. Respondents have reserved their position on this motion as well.

4. Petitioner Rohani has also moved jointly in Misc. No. 08-444 and his severed case before Judge Roberts to file this status report, due today in Misc. No. 08-444 for those petitioners whose petitions have already been designated for coordination. Pursuant to LCvR 7(m), Petitioner Rohani conferred with Respondents prior to filing the motion. Respondents have also reserved their position on this motion.

5. Petitioner Rohani will shortly file limited initial discovery requests regarding the Court's jurisdiction and the merits of his habeas claim in Misc. No. 08-444 and the severed case before Judge Roberts.

6. Respondents filed a factual return regarding Petitioner Rohani, including both classified and unclassified materials, in August 2006.

*Initial Legal Issues Relating to Block D*

In other cases, Respondents have contended that U.S. courts lack jurisdiction over a habeas case on behalf of a former Guantanamo prisoner who is now imprisoned at Block D in Policharkei Prison. Counsel is not aware of any judicial ruling on this issue. Petitioner Rohani anticipates that Respondents will raise the same argument with respect to his habeas petition. Petitioner Rohani rejects Respondents' potential contention on at least two grounds.

1. <u>Constructive custody</u>. Although Afghan personnel are the public face of Block D, the U.S. plays a major role in its ongoing operations. Block D, part of a Soviet-era prison near Kabul, was rebuilt at a cost of tens of millions of dollars in U.S. funds as a U.S.-style prison to

---

[1] No. 05-2367 was coordinated with Misc. No. 08-442.

house prisoners transferred from U.S. facilities at Guantanamo and Bagram. The facility houses exclusively prisoners formerly held in U.S. facilities elsewhere, and, since mid-2007, *all* Guantanamo prisoners returning to Afghanistan have been sent there. U.S. advisors are present in Block D twenty-four hours a day. Further, prisoner transfers from Guantanamo to Block D are made pursuant to a written agreement between the U.S. and Afghanistan that, on information and belief, ensures continuing U.S. authority with respect to the release of any prisoners to freedom. These facts alone establish the continuing jurisdiction of this Court over Rohani's habeas petition.

2. Collateral consequences. Petitioner Rohani is being held in Block D as a direct consequence of his illegal detention by the U.S. at Guantanamo. Block D review procedures rely on prisoner files prepared by U.S. personnel from U.S. files at Guantanamo. These files are transferred by the U.S. along with the prisoners to Afghanistan. Subsequent prisoner reviews at Policharkei incorporate many of the features of the Guantanamo CSRTs that were found unreliable by the United States Supreme Court in *Boumediene* and by the Court of Appeals in *Parhat v. Gates,* No. 06-1397 (D.C.Cir. June 20, 3008). This is a separate and independent basis for the continuing jurisdiction of this Court over Rohani's habeas petition.

*Proposed Coordination*

Petitioner Rohani proposes coordination within Misc. No. 08-444 of all discovery relating to this Court's jurisdiction to decide the merits of habeas cases pending on behalf of former Guantanamo prisoners now held at Block D in Policharkei Prison ("Policharkei cases"). Should Respondents, as anticipated, challenge the Court's jurisdiction with respect to all such

cases, there likely will be many common issues about discovery regarding collateral consequences, constructive custody, and other issues that may touch upon jurisdiction.

The benefits of coordinating subsequent litigation of the Policharkei cases can be better assessed once jurisdictional discovery is complete.

*Proposed schedule for Discovery Regarding Jurisdiction*

Petitioner Rohani's proposed schedule for jurisdictional discovery is attached. Given the extraordinary delays in judicial review of the merits of his petition to date, discovery regarding the merits of Petitioner Rohani's petition should proceed concurrently with discovery regarding jurisdiction. Petitioner Rohani respectfully urges the Court to adopt this schedule for resolution of the Court's jurisdiction to hear the Policharkei cases.

Respectfully submitted,

Dated: July 14, 2008

/s/ Rebecca P. Dick

Rebecca P. Dick
D.C. Bar No. 463197
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300 (Tel.)
(202) 261-3333 (Fax)

George G. Gordon
Peter M. Ryan
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

Daniel C. Malone
DECHERT LLP

1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500 (Tel.)

PROPOSED SCHEDULE FOR DISCOVERY REGARDING JURISDICTION
OVER HABEAS PETITIONS OF FORMER GUANTANAMO PRISONERS IN
BLOCK D, POLICHARKEI PRISON

| | |
|---|---|
| August 1, 2008 | Respondents file any challenge to this Court's jurisdiction over Policharkei cases |
| August 1, 2008 | Any Policharkei case in which jurisdiction has not been challenged is severed from Misc. No. 08-444 and henceforth proceeds within the original habeas case (for Rohani, No. 05-2367) and Misc. No. 08-442 |
| Sept. 1, 2008 | Petitioners in the Policharkei cases ("Policharkei petitioners") file all discovery requests relating to jurisdiction |
| Sept. 15, 2008 | Respondents file all challenges to Policharkei petitioners' discovery requests |
| Oct. 1, 2008 | Respondents comply with Policharkei petitioners' unchallenged discovery requests |
| 30 days following decision on challenges | Respondents comply fully with upheld discovery requests |
| 30 days after full compliance | The parties propose schedules for the Court's determination of jurisdiction |
| Concurrently with jurisdictional discovery | Discovery relating to the merits of the Rohani's petition and of the other Policharkei cases proceeds within Misc. No. 08-442 and the portions of the cases remaining with the original judges |

6

## CERTIFICATE OF SERVICE

I, Rebecca P. Dick, hereby certify that on July 14, 2008, I caused to be submitted via hand delivery to the Court Security Officer, for review and filing under seal, an original and two true and correct copies of the foregoing (1) Motion to File Status Report, (2) Status Report of Ghulam Rohani, and (3) Proposed form of order. I requested that the Court Security Officer serve copies of these documents on the following counsel of record for Respondents:

    Judry Laeb Subar
    Judry.Sabar@usdoj.gov
    United States Department of Justice
    Civil Division – Federal Programs Branch
    20 Massachusetts Avenue, N.W. Room 7342
    Washington, D.C. 20530
    (202) 514-3969

    Terry M. Henry
    Terry.Henry@usdoj.gov
    United States Department of Justice
    Civil Division – Federal Programs Branch
    20 Massachusetts Avenue, N.W. Room 7144
    Washington, D.C. 20530

    Andrew I. Warden
    Andrew.Warden@usdoj.gov
    Trial Attorney
    United States Department of Justice
    Civil Division – Federal Programs Branch
    20 Massachusetts Avenue, N.W. Room 6120
    Washington, D.C. 20530

                                                                /s/ Rebecca P. Dick
                                                                Rebecca P. Dick