IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IN RE:                              )
                                    )   Misc. No. 08-CV-444 (TFH)
GUANTANAMO BAY                      )
DETAINEE LITIGATION                 )   Civil Action No. 05-CV-888 (CKK)
                                    )
_____)

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION
FOR RULING ON PETITIONER'S EMERGENCY
MOTION FOR SUMMARY JUDGMENT**

Respondents hereby oppose Petitioner Nazul Gul's motion for ruling on petitioner's emergency motion for summary judgment.  *See* dkt no. 80.

Petitioner Gul is no longer detained at Guantanamo Bay.  Indeed, the Court dismissed this case because petitioner Gul was released from the custody of the United States and transferred to the control of the Government of Afghanistan.  *See* Order (dkt. no. 67).  On March 16, 2007, petitioner filed a motion for reconsideration of the dismissal order.  *See* dkt. no. 70.  Respondents opposed that request for relief arguing, *inter alia*, that the case was moot and petitioner had not established any legally cognizable collateral consequences related to his designation as an enemy combatant.  *See* dkt. no. 70.  Even though the case is currently dismissed and petitioner's motion for reconsideration remains pending, petitioner has nonetheless filed the instant motion seeking an immediate ruling on the motion for summary judgment that petitioner filed on October 16, 2006.

Petitioner's release from custody renders this matter moot, and it must remain dismissed.  *See* Respondents' Opposition To Motion For Reconsideration (dkt. no. 70).  In any event, consideration of petitioner's motion for summary judgment should, at a minimum, await this Court's resolution of petitioner's motion for reconsideration.

Respondents recognize, of course, that the issue of whether former detainees at Guantanamo Bay are legally entitled to continue litigation of their habeas cases on the basis of a "collateral consequences" theory or otherwise is one common to many cases, including this one. Accordingly, any further briefing on this question (which in any event is not warranted for the reasons discussed above) should be conducted in a coordinated fashion, consistent with the Resolution of the Executive Session of this Court (July 1, 2008). As for the timing of the adjudication of such claims, it would be inappropriate to advance the claims of petitioners who have been released from Guantanamo Bay ahead of those who are currently detained, which are taking considerable effort on the part of the Court and the parties. Respondents are expending considerable effort to meet the Court's deadline of producing 50 factual returns per month, beginning on August 29, 2008. Consequently, petitioner's suggestion that attention be diverted from that task to litigate the claims of petitioner, who concedes he is no longer subject to any form of detention, is neither reasonable nor appropriate. For these reasons, respondents respectfully submit, without waiver of any defense thereto, that petitioner's motion should be denied.

Dated: July 28, 2008                    Respectfully Submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

                                        JOHN C. O'QUINN
                                        Deputy Assistant Attorney General

                                         /s/ Andrew I. Warden
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR
                                        TERRY M. HENRY

ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3755
Fax:  (202) 616-8470

Attorneys for Respondents